IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT T. LAGERVALL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MISSOULA COUNTY PUBLIC SCHOOLS, PRINCIPAL TED FULLER, and JENNIE HAINES,<br><br>　　　　　Defendants. | CV 16-57-M-DLC-JCL<br><br>ORDER |

**I.** **Introduction**

Plaintiff Robert Lagervall, appearing pro se, filed an application requesting leave to proceed with this action in forma pauperis. Lagervall submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Lagervall's lodged Complaint as of the filing date of his application to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

1

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Thus, the Court will review Lagervall's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Plaintiff's Allegations

Lagervall's son, P.L., attends school at Sentinel High School in Missoula, Montana. Apparently, P.L. is a disabled student.

Lagervall alleges a high school teacher got "physical" with P.L. purportedly due to P.L.'s disability issue.  Lagervall attempted to visit with Sentinel High School's principal, Ted Fuller, about the incident, but he states that due to his own "documented" disability "the volume of [his] voice increased" which made the verbal communication with Fuller "inadequate."  As a result, Fuller apparently determined Lagervall was no longer welcome on the high school premises, and deemed Lagervall to be a trespasser if he returned to the high school building.

Lagervall returned to the high school building to deliver a copy of the list of accommodations that P.L. needed at the school.  The school's resource officer, Officer Monico, met Lagervall at the door to the school and informed him he was not permitted on the school property.  Lagervall gave his list of accommodations to Officer Monico for delivery to Fuller.

Later Officer Monico delivered two letters to Lagervall.  One letter informed Lagervall that he was not allowed to enter the high school property, and the other letter informed him that P.L. was suspended from school.

Lagervall contends Fuller's conduct in denying him permission to enter the school property, and his use of Officer Monico as an intermediary, constituted unlawful intimidation or coercion against him as a disabled person.  He further contends the circumstances denied him access to participate in the education

3

programs available to P.L., and constitute retaliation. Lagervall also was not permitted to attend an educational career fair offered by the school district.

Lagervall contacted Defendant Jennie Haines, the special education supervisor. Haines allegedly informed Lagervall that the school and its personnel were not subject to Title II of the Americans with Disabilities Act ("ADA").

Lagervall asserts Defendants are liable for alleged violations of the ADA. Specifically, he contends Defendants violated provisions of 28 C.F.R. § 35.130 (prohibiting discrimination), § 35.134 (prohibiting retaliation or coercion), and § 35.160 (requiring effective communications).

Lagervall requests relief under the ADA. He requests that he be permitted to enter the high school property, and that Defendants be prohibited from discriminating against him based on his own disability which he contends "poses no real risk." *See* 28 C.F.R. § 35.139 (permitting a public entity to exclude an individual who "poses a direct threat to the health or safety of others"). He seeks to enforce Defendants' compliance with the ADA and to obtain reasonable accommodations for him and for P.L. to ensure effective communications occur, and to provide for P.L.'s public education. He requests that P.L. be allowed to return to school.

## III. DISCUSSION

Because Lagervall is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Title II of the Americans with Disabilities Act (ADA) at 42 U.S.C. § 12132 provides as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To present a viable claim for relief under section 12132, a plaintiff must present factual allegations satisfying the four required elements of a claim under the statute:

> (1) [the plaintiff] "is an individual with a disability;" (2) [the plaintiff] "is otherwise qualified to participate in or receive the benefit of some public

5

entity's services, programs, or activities;" (3) [the plaintiff] "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [the plaintiff's] disability."

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Accepting Lagervall's allegations as true, the Court finds that at this stage of these proceedings his allegations at least state a claim upon which relief could be granted under the ADA for Defendants' alleged conduct in excluding him from participating in his son's education due to his own alleged "documented disability." Therefore, the Court will order that Lagervall's Complaint be served on Defendants.

Because Lagervall is proceeding in forma pauperis, he is entitled to have his Complaint and summonses served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Lagervall is obligated to provide the Court with appropriate addresses for service on each Defendant. *See Pullano v. Clark Co. Detention Ctr.*, 2010 WL 4272871, *2 (D. Nev. 2010).

Therefore, IT IS HEREBY ORDERED that on or before July 5, 2016, Lagervall shall file a notice which provides the Court with an appropriate address for service on each individually named Defendant in this action. For individuals named as Defendants, the address must be sufficient for personal service on the

6

Defendant.  Fed. R. Civ. P. 4(d)(1)(A)(i) and 4(e).  For a state or local governmental organization, the address must be for "its chief executive officer."  Fed. R. Civ. P. 4(j)(2)(A).

At all times during the pendency of this action Lagervall shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Lagervall is also advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  The Court may dismiss this case under Rule 41(b) sua sponte under certain circumstances.  *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 14th day of June, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge