IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT T. LAGERVALL, <br><br> Plaintiff, <br><br> vs. <br><br> MISSOULA COUNTY PUBLIC SCHOOLS, PRINCIPAL TED FULLER, and JENNIE HAINES, <br><br> Defendants. | CV 16-57-M-DLC-JCL <br><br> ORDER |

Plaintiff Robert Lagervall, appearing pro se, filed a motion requesting the Court stay what appears to be a criminal prosecution pending against Lagervall's son in the Montana Fourth Judicial District Court, Missoula County. He argues that the state court proceedings are occurring in violation of his, and his son's rights under the Americans with Disabilities Act (ADA). Specifically, he alleges the state court officials are not accommodating either his disability or his son's disability in violation of the ADA, and he contends the criminal prosecution itself constitutes an act of retaliation prohibited by the ADA. Thus, he requests this Court intervene in the referenced state court matter, apparently to enforce his ADA rights.

Lagervall's claims advanced in this civil action, and his allegations in his

1

pending motion to stay the state court proceedings are all pled under the ADA. Thus, Lagervall's claims "aris[e] under the Constitution, [or] laws [...] of the United States[,]" and the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Nonetheless, his allegations regarding the state court proceedings, and his motion to stay those proceedings, fall within a category of matters over which the Court must abstain from exercising its jurisdiction.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court

2

action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.*, (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are present with respect to Lagervall's motion to stay the state court criminal prosecution against his son. Lagervall's motion indicates that the criminal prosecution is currently pending. And any criminal prosecution implicates important state interests, i.e. the State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana.

With regard to Lagervall's, or his son's opportunity to raise any ADA issue

3

in the state court, he bears the burden to establish "that state procedural law bar[s] presentation of [his] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Lagervall has not set forth any allegation plausibly suggesting he or his son will be barred from asserting any ADA rights in the state court.

Next, Lagervall proposes to have this Court enjoin the state court and preclude further proceedings in the criminal action currently pending against his son. Thus, Lagervall's motion, if granted, would interfere with the state court proceedings in a way that *Younger* disapproves.

Finally, Lagervall has not identified any exceptional circumstances that would render *Younger* abstention inapplicable.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that Lagervall's motion to stay the state court criminal prosecution against his son is DENIED.

DATED this 17th day of August, 2016.

Jeremiah C. Lynch
United States Magistrate Judge